The Honorable Jack McCoy State Representative 712 McNeil Street Malvern, AR 72104
Dear Representative McCoy:
This is in response to your request for an opinion regarding Ark. Stat. Ann. 71-5101 (Repl. 1979). You have asked, specifically, whether this statute would protect members of a peer review committee established by the Arkansas Chiropractic Association from liability for acts taken within the scope of their authority as a peer review committee.
71-5105 provides in pertinent part as follows:
 There shall be no monetary liability on the part of, and no cause of action for damages shall rise against any member of (1) a duly appointed committee of a state or local professional society, or (2) professional services review organization appointed pursuant to state or federal statute, or (3) duly appointed member of a committee of a medical staff of a licensed hospital (provided the medical staff operates pursuant to written bylaws that have been approved by the governing board of the hospital), for any act or proceeding undertaken or performed within the scope of the functions of any such committee which is formed to maintain the professional standards of the society established by its bylaws . . .
It is my opinion that this statutory provision does not extend to the committee in question. 71-5101 refers to duly appointed committees "of a state or local professional society."
It is clear, therefore, that these provisions extend to committees of professional societies that have been established pursuant to State or local authority. The Arkansas Chiropractic Association does not fall into this category. Nor would the peer review committee in question qualify as a "professional services review organization appointed pursuant to state or federal statute." Therefore, unless the members comprise a committee "of a medical staff of a licensed hospital," 71-5101 will not be applicable.
It is also significant to note that 71-5101 applies specifically to "any such committee which is formed to maintain the professional standards of the society . . ." (Emphasis added.) Although there is no case law directly on point, the case of Hayden v. Bracy, 744 F.2d 1338 (8th Cir. 1984) does reflect one instance in which 71-5101 was raised as a basis for qualified immunity. The defendants were members of a hospital review committee formed for the purpose of assessing whether the physician exercised proper medical skill and judgment. The committee, upon finding the physician's performance lacking, imposed consultation and educational requirements.744 F.2d at 1345. This case offers guidance with respect to the type of committee envisioned under 71-5101. A committee that is not formed for the purpose reflected in Hayden v. Brace does not, in my opinion, meet the spirit or intent of 71-5101.
This opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.